1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SAAHDI ABDUL COLEMAN,                    Case No.: 1:23-cv-00324-KES-CDB

12                    Plaintiff,              **ORDER VACATING FINDINGS AND
                                              RECOMMENDATIONS TO DISMISS FOR**
13            v.                              **PLAINTIFF'S FAILURE TO OBEY
                                              LOCAL RULES AND FAILURE TO**
14   MOORE, et al.,                           **PROSECUTE**

15                    Defendants.             (Doc. 9)

16                                            **FINDINGS AND RECOMMENDATIONS
                                              TO DISMISS CERTAIN CLAIMS AND**
17                                            **DEFENDANTS**

18                                            **14-DAY OBJECTION DEADLINE**

19

20         Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil

21   rights action pursuant to 42 U.S.C. section 1983.

22         **I.       INTRODUCTION**

23         On November 6, 2024, the Court issued its First Screening Order. (Doc. 7.) It determined

24   Plaintiff had plausibly alleged Eighth Amendment deliberate indifference to serious medical

25   needs claims against Defendants Bean, Crawford, Doe 1, Doe 2, McDaniel, Moore, Russell, and

26   Vasquez, but failed to allege any other cognizable claim against any other named Defendant. (*Id*.

27   at 10-16.) Plaintiff was ordered to do one of the following within 21 days of the date of service of

28   the order: (1) to notify the Court in writing that he did not wish to file a first amended complaint

1    and was willing to proceed only on the Eighth Amendment Eighth Amendment deliberate

2    indifference to serious medical needs claims against Defendants Bean, Crawford, Doe 1, Doe 2,

3    McDaniel, Moore, Russell, and Vasquez, with the remaining claims against any defendant to be

4    dismissed; or (2) to file a first amended complaint curing the deficiencies identified in the

5    screening order; or (3) to file a notice of voluntary dismissal. (*Id*. at 18.)

6            On December 4, 2024, when more than 21 days passed without a response, the Court

7    issued Findings and Recommendations to dismiss this action without prejudice for Plaintiff's

8    failure to obey court orders and failure to prosecute. (Doc. 9.)

9            On December 9, 2024, Plaintiff filed a notice indicating he was willing to proceed on the

10   claims the Court deemed cognizable and did not intend to file an amended complaint. (Doc. 10.)

11   **II.      DISCUSSION**

12           Because Plaintiff has now indicated he wishes to proceed on the claims the Court found

13   cognizable in its November 6, 2024, screening order, the Court will vacate the Findings and

14   Recommendations to dismiss this action. Nonetheless, the Court notes two issues concerning

15   Plaintiff's written notice to proceed on the cognizable claims. First, Plaintiff's notice is dated

16   November 21, 2024, but was not filed with the Court until December 9, 2024, which the Court

17   perceives under the circumstances to reflect an unreasonable amount of time for delivery to the

18   Court. Second, Plaintiff's notice is not accompanied by a proof of service. As Plaintiff was

19   advised in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued

20   March 6, 2023, "on all documents filed with the Court, the pro se plaintiff must attach a Proof of

21   Service, indicating the date on which the filing was turned over to prison authorities. A document

22   submitted without proof of service may be stricken/returned or if filed after the deadline, deemed

23   not timely filed." (*See* Doc. 4 at 4 [& sample Proof of Service attached].) Plaintiff was required to

24   provide a proof of service with this filing but did not do so. Moving forward, Plaintiff shall

25   include a proof of service with every document submitted to the Court for filing.

26           Despite the untimely notice, the Court will recommend this action proceed only on

27   Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against

28   Defendants Bean, Crawford, Doe 1, Doe 2, McDaniel, Moore, Russell, and Vasquez, and that the

                                                                    2

1 || remaining claims against any defendant be dismissed.

2 || **III.     CONCLUSION, ORDER AND RECOMMENDATIONS**

3 || For the reasons given above, the Court **VACATES** the Findings and Recommendations

4 || (Doc. 9) issued December 4, 2024.

5 || Further, the Court **RECOMMENDS** that:

6 || 1.  This action **PROCEED** only on the Eighth Amendment deliberate indifference

7 || to serious medical needs claims against Defendants Bean, Crawford, Doe 1, Doe

8 || 2, McDaniel, Moore, Russell, and Vasquez;

9 || 2.  Defendants Dunn, Johnson, Perez, and Sanchez be **DISMISSED**; and

10 || 3.  Any remaining claims be **DISMISSED**.

11 || These Findings and Recommendations will be submitted to the United States District

12 || Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**

13 || after being served with a copy of these Findings and Recommendations, a party may file written

14 || objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

15 || Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

16 || leave of Court and good cause shown. The Court will not consider exhibits attached to the

17 || Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the

18 || exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

19 || reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be

20 || disregarded by the District Judge when reviewing these Findings and Recommendations under 28

21 || U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result

22 || in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

23 || 2014).

24 || IT IS SO ORDERED.

25 || Dated:   **December 11, 2024**

26 || UNITED STATES MAGISTRATE JUDGE

27

28

3