UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MOORE, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-00324-KES-CDB<br><br>**ORDER GRANTING PLAINTIFF NINETY DAYS WITHIN WHICH TO IDENTIFY DOE 1 AND DOE 2** |

Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his complaint on March 3, 2023. (Doc. 1.) Following screening, in relevant part, the Court found Plaintiff states cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Doe 1 and Doe 2. (*See* Docs. 7 & 13.)

The Court now addresses the issue of Plaintiff's need to identify Doe 1 and Doe 2 against whom his Eighth Amendment claims proceed.

**II.    DISCUSSION**

Defendants Doe 1 and Doe 2, both physicians, are employed at California State Prison-Corcoran and are presently unknown to Plaintiff. Plaintiff alleges Doe 1 and Doe 2 failed to

1    respond to his pain and medical need for a CPAP device in violation of the Eighth Amendment.

2        Plaintiff is advised that the United States Marshal cannot serve Doe defendants. Plaintiff
3    will be required to identify Doe 1 and Doe 2 with enough information to locate these defendants
4    for service of process. Plaintiff will be given the "'opportunity through discovery to identify the
5    unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

6        Although Plaintiff has stated plausible Eighth Amendment claims against Doe 1 and Doe
7    2, the Court will not require service at this time. The Ninth Circuit has held that where identity is
8    unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through
9    discovery to identify the unknown defendants unless it is clear that discovery would not uncover
10   the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*,
11   177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
12   1980)). Here, it is unclear whether discovery would reveal the identity of Doe 1 and/or Doe 2 and
13   there is no indication that Plaintiff's complaint would be dismissed on other grounds. Thus,
14   Plaintiff should be afforded an opportunity to discover the identities of Doe 1 and Doe 2 through
15   limited discovery.

16       Initially, the Court notes Plaintiff may wish to seek the identities of Doe 1 and Doe 2
17   through other means. For example, Plaintiff might use a CDCR Form 22 to learn the identities of
18   Doe 1 and Doe 2, the physicians who treated him during the relevant period. Plaintiff might also
19   request copies of his relevant medical records that may include the actual names of Doe 1 and
20   Doe 2. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D.
21   Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by
22   accessing his classification records or using the CDCR Form 22"). Otherwise, Plaintiff may seek
23   a subpoena to obtain the necessary information.

24       Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised
25   the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff
26   is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.
27   Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a
28   subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008

1  WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the
2  relevance of the information sought, as well as the burden and expense to the non-party in
3  providing the requested information. Fed. R. Civ. P. 26, 45.
4      A motion for issuance of a subpoena duces tecum should be supported by clear
5  identification of the documents sought and a showing that the records are obtainable only through
6  the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010
7  WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS
8  (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were
9  not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to
10 comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).
11 Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors.
12 *Id*.
13     Finally, the Court notes that if Plaintiff has learned the names of Doe 1 and Doe 2 since
14 filing his complaint, and/or does not require a subpoena to obtain these individuals' identities,
15 Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's
16 actual name for "Doe 1" and/or "Doe 2."

### III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff 90 days** in which to discover the identities of Doe 1 and Doe 2, through subpoena or otherwise, and to substitute these Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of Doe 1 and Doe 2, the Court will recommend dismissal, without prejudice, of Defendants Doe 1 and Doe 2.

IT IS SO ORDERED.

Dated: **May 16, 2025**

UNITED STATES MAGISTRATE JUDGE