1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11    SAAHDI ABDUL COLEMAN, | Case No.: 1:23-cv-00324-KES-CDB |
| 12              Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS** |
| 13         v. | **14-DAY OBJECTION DEADLINE** |
| 14    MOORE, et al., | |
| 15              Defendants. | |

16

17          Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil

18    rights action pursuant to 42 U.S.C. section 1983.

19          **I.      RELEVANT BACKGROUND**

20          Plaintiff filed his complaint on March 3, 2023. (Doc. 1.) Following screening, in relevant

21    part, the Court found Plaintiff states cognizable Eighth Amendment deliberate indifference to

22    serious medical needs claims against Defendants Doe 1 and Doe 2. (*See* Docs. 7 & 13.)

23          On May 16, 2025, this Court issued its Order Granting Plaintiff Ninety Days Within

24    Which to Identify Doe 1 and Doe 2. (Doc. 14.) Plaintiff was directed to "substitute these

25    Defendants' actual names by filing a 'notice of substitution'" within 90 days. (*Id*. at 3.) More than

26    90 days have passed, but Plaintiff has failed to file a notice of substitution or to otherwise contact

27    the Court.

28    //

1

## II.    DISCUSSION

2

Rule 4(m) of the Federal Rules of Civil Procedure provides:

3

4

5

6

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

7

Fed. R. Civ. P. 4(m).

8    In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

9    Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

10   "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.

11   Marshal for service of the summons and complaint and [he] should not be penalized by having his

12   action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed

13   to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations

14   & citation omitted), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). "So

15   long as the prisoner has furnished the information necessary to identify the defendant, the

16   marshal's failure to effect service is automatically good cause...." *Id.* (internal quotations &

17   citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and

18   sufficient information to effect service of the summons and complaint, the Court's sua sponte

19   dismissal of the unserved defendants is appropriate. *Id.* at 1421-22. The ninety-day deadline

20   under Rule 4(m) applies to service on Doe Defendants. *See Ticketmaster L.L.C. v. Prestige Entm't*

21   *W., Inc*., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018); *Tabi v. Doe*, No. EDCV 18-714

22   DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe

23   Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

24   Where a plaintiff has failed to effect service in accordance with Rule 4(m) and has failed

25   to comply with the orders instructing him to identify the defendant, dismissal of a Doe defendant

26   is warranted. *See Williby v. California*, 276 F. App'x 663, 665 (9th Cir. 2008) (holding district

27   court's sua sponte dismissal of Doe defendants was merited where plaintiff had failed to identify

28   defendants within allotted discovery period); *see also Flowers v. Toon*, No. 1:19-cv-01027-JLT-

CDB (PC), 2023 WL 2347687, at *2 (E.D. Cal. Mar. 3, 2023) (finding plaintiff was afforded "ample time and opportunity to identify, substitute, and serve the Doe defendants" and denying reconsideration of the dismissal of Does 1-3); *West v. Federal Bureau of Prisons*, No. 1:09-CV-01277-LJO-GBC (PC), 2012 WL 893779, at *4 (E.D. Cal. Mar. 15, 2012) (recommending dismissal of Defendant Doe 3 because plaintiff was afforded "sufficient opportunity to pursue discovery to identify Doe Defendants" but failed to do so within prescribed period), recommendation adopted, 2012 WL 1391938 (E.D. Cal. Apr. 20, 2012).

The Court's May 16, 2025, order explained to Plaintiff that the United States Marshals Service cannot serve Doe defendants and that it is his obligation to identify Doe 1 and Doe 2 so that service could be effected. (*See* Doc. 14 at 1-2.) Plaintiff was also advised concerning the requirements for the issuance of a subpoena duces tecum to obtain the Doe Defendants' identities, and potential alternative means for obtaining their identities. (*Id*. at 2-3.) Finally, Plaintiff was warned of the potential dismissal of these Doe Defendants: "If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of Doe 1 and Doe 2, the Court will recommend dismissal, without prejudice, of Defendants Doe 1 and Doe 2." (*Id*. at 3.)

Because Plaintiff has failed to identify the Doe Defendants and to request substitution, or to otherwise establish that service of Doe 1 and Doe 2 can be accomplished, dismissal of these Doe Defendants is warranted. *Walker*, 14 F.3d at 1421-22; *Williby*, 276 F. App'x at 665; *West*, 2012 WL 893779, at *4.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **RECOMMENDS** that Doe 1 and Doe 2 be dismissed without prejudice for Plaintiff's failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

leave of Court and good cause shown. The Court will not consider exhibits attached to the

Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the

exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be

disregarded by the District Judge when reviewing these Findings and Recommendations under 28

U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839

(9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __**August 22, 2025**__          _____

                                          UNITED STATES MAGISTRATE JUDGE

4