UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>MOORE, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00324-KES-CDB<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS**<br><br>(Doc. 21)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**<br><br>(Doc. 22)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT CORRECTING THE NAME OF A PREVIOUSLY MISIDENTIFIED DEFENDANT AND SUBSTITUTING ACTUAL NAMES FOR DOE DEFENDANTS WITHIN 30 DAYS**<br><br>**ORDER FINDING DEFENDANTS' MOTION TO DISMISS FILED SEPTEMBER 24, 2025, TO BE MOOT**<br><br>(Doc. 23) |

Plaintiff Saahdi Abdul Coleman, a state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

//

## I.     RELEVANT BACKGROUND

Plaintiff filed his complaint on March 3, 2023. (Doc. 1.) Following screening, the Court found Plaintiff stated cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Bean, Crawford, Doe 1, Doe 2, McDaniel, Moore, Russell, and Vasquez. (*See* Docs. 7 11, & 13.)[1]

On May 16, 2025, this Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Doe 1 and Doe 2. (Doc. 14.) Plaintiff was directed to "substitute these Defendants' actual names by filing a 'notice of substitution'" within 90 days. (*Id*. at 3.) That same date, the Court issued its Order Finding Service Appropriate, directing service of process be effected upon Defendants M. Bean, Crawford, E. McDaniel, Moore, Russell, and Vasquez. (Doc. 15.)

When more 90 days passed without any response from Plaintiff, on August 22, 2025, the undersigned issued Findings and Recommendations to Dismiss Doe Defendants. (Doc. 21.) The parties were advised that any objections were to be filed within 14 days. (*Id*. at 3-4.) No objections were filed.

Thereafter, on September 22, 2025, Plaintiff filed a "Motion for Permission to file an Amended Complaint." (Doc. 22.) The motion is signed yet not dated. (*Id*. at 3.) An attached Proof of Service by Mail indicates the motion was served by "Gina Gonzales" on September 20, 2025. (*Id*. at 4.)

On September 24, 2025, Defendants Bean, Crawford, McDaniel, Moore, Russell, and Vasquez filed a Motion to Dismiss. (Doc. 23.)

As of this date, neither Plaintiff's motion to file an amended complaint nor Defendants' motion to dismiss have been opposed.

## II.     DISCUSSION

### *The Findings and Recommendations Will Be Vacated*

As indicated above, the undersigned issued Findings and Recommendations to Dismiss

---

[1] The remaining claims in Plaintiff's original complaint and Defendants Dunn, Johnson, Perez, and Sanchez were dismissed on May 14, 2025. (*See* Doc. 13.)

2

the Doe Defendants on August 22, 2025. (Doc. 21.) Plaintiff did not file objections. Given the discussion that follows, the Court will vacate the Findings and Recommendations.

### *Plaintiff's Motion to Amend*

Briefly stated, Plaintiff asks the Court for permission to amend his complaint "to correct the name of a previously misidentified defendant and to substitute named individuals for previously designated 'John Doe' defendants." (Doc. 22.) Plaintiff states the proposed amendments do not alter "the factual allegations or legal theories of the original complaint." (*Id.*) Defendants did not oppose Plaintiff's motion and the time to do so has passed.

### Applicable Legal Standards and Analysis

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part:

>**(a) Amendments Before Trial.**
>
>   **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course no later than:
>
>      (A) 21 days after serving it, or
>
>      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
>   **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Initially, the Court notes Plaintiff did not submit a proposed first amended complaint with the September 22, 2025, motion as required by the Court's Local Rules. *See* Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave .... If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules ...."). Regardless of that procedural defect, the Court considers Plaintiff's motion.

In evaluating a motion to amend the complaint, the Court considers whether amendment (1) would prejudice the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

litigation; or (4) is futile. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Courts assign the greatest weight to "the consideration of prejudice to the opposing party," the prejudice-showing burden resting on the opposing party. *Id*. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

Here, the Court finds there is little to no prejudice to the opposing parties where the litigation has only recently commenced and Defendants did not oppose Plaintiff's motion. Further, it finds the motion is not sought it bad faith. As Plaintiff explains, he intends to amend his complaint "to correct the name of a previously misidentified defendant and to substitute named individuals for previously designated 'John Doe' defendants" without altering to "the factual allegations or legal theories of the original complaint."[2] While permitting Plaintiff to file a first amended complaint will result is some delay because the amended complaint will be subject to screening,[3] the Court finds that circumstance does not present an undue delay for purposes of this litigation. Finally, Plaintiff's proposed amendments (correcting a misidentification and substituting actual names for Doe Defendants) are not futile. *Eminence Capital*, 316 F.3d at 1052.

The Court will grant Plaintiff's motion. Nevertheless, a few words are caution are warranted. Plaintiff is expected to comply with this Court's orders and deadlines. (*See, e.g*., Doc. 4 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 3/6/2023].) When the Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Doe 1 and Doe 2 on May 16, 2025, Plaintiff was granted 90 days "to discover the identities of Doe 1 and Doe 2, through subpoena or otherwise, and to substitute these Defendants' actual names by filing a 'notice of substitution'" with the Court. (*See* Doc. 14.) Instead of seeking additional time within which to comply with the Court's order, Plaintiff allowed the 90-day deadline to lapse without taking any action, resulting in the issuance of findings and recommendations to dismiss the unknown defendants. Additionally, Plaintiff did not file objections to the findings; he could have

---

[2] Factual allegations involving former Defendants Dunn, Johnson, Perez and Sanchez would be inappropriate. *See* fn. 1, *ante*.

[3] 28 U.S.C. § 1915A(a).

also used that opportunity to seek more time if necessary. Moving forward, Plaintiff should take care to seek an extension of any deadline imposed by the Court if circumstances arise that warrant such an extension. For example, Plaintiff states in the instant motion that "[d]espite multiple requests, [he] only recently obtained" the records revealing the identities of the unknown defendants. (*See* Doc. 22 at 2.) Because Plaintiff allegedly encountered delays following his requests, it is likely the Court would have found good cause to extend the previously imposed 90-day deadline, to allow Plaintiff more time to conduct limited discovery and to submit a notice of substitution. In any event, the Court admonishes Plaintiff that deadlines will be strictly enforced. Further, Plaintiff is encouraged to review the First Informational Order issued March 6, 2023, to ensure he complies with all applicable Federal and Local Rules, as well as this Court's orders.

### *Defendants' Motion to Dismiss*

As noted above, Defendants filed a motion to dismiss on September 24, 2025 (Doc. 23), making an opposition or statement of non-opposition by Plaintiff due on October 15, 2025, plus time for mailing. As of today's date, neither an opposition nor statement of non-opposition has been filed. Nevertheless, because the Court will grant Plaintiff's motion and allow him to file a first amended complaint, Defendants' motion to dismiss becomes moot. *See Ramirez v. Cnty of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Assuming Plaintiff files a first amended complaint, and after screening and a finding of a cognizable claim or claims by the Court, Defendants may re-file their motion to dismiss or answer the first amended complaint.

### III. CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS**:

1. The Findings and Recommendations to Dismiss Doe Defendants issued August 22, 2025 (Doc. 21) are **VACATED**;
2. Plaintiff's motion for leave to file an amended complaint (Doc. 22) is **GRANTED**;
3. Plaintiff **SHALL** file a first amended complaint **within 30 days** of the date of service of this order. The first amended complaint will be screened in due course;
4. The Clerk of the Court is directed to terminate Defendants' motion to dismiss (Doc. 23) as the motion is now moot.

**Any failure by Plaintiff to timely comply with this Order will result in the issuance by the undersigned of a recommendation to dismiss this action, without prejudice, for Plaintiff's failure to obey Court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **October 16, 2025**

UNITED STATES MAGISTRATE JUDGE