UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TERRENCE McCOY, et al.,<br><br>Defendants. | Case No.: 1:23-cv-00324-KES-CDB<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT MOSHE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>30-DAY DEADLINE |

Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants McCoy, McDaniel, Russell, Moshe, Crawford, Vasquez, and Fincalero.

I.      RELEVANT BACKGROUND

The Court issued its Second Screening Order on January 9, 2026. (Doc. 28.) Relevant here, the Court determined Plaintiff sufficiently alleged a deliberate indifference to serious medical needs claim against Defendant Moshe. (*Id*. at 5-13.)

On January 12, 2026, the Court issued its Order Finding Service Appropriate as to Newly Added or Identified Defendants. (Doc. 29.) More specifically, the Court ordered that service be effected on "**Moshe,** allegedly employed as a physician at CSP-COR in 2021 and/or 2022." (*Id*. at

2, emphasis in original.)

On January 15, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed their notice of intent to waive service of process regarding the other individuals that were the subject of the January 12 service order: Terrence McCoy and F. Fincalero (Doc. 31 [sealed]) but indicated it could *not* waive service concerning Defendant Moshe (Doc. 32 [sealed]). Hence, service documents were forwarded to the United States Marshal (USM) concerning Defendant Moshe.

On January 20, 2026, the USM filed its USM-285 form indicating service of Defendant Moshe could not be effected. (*See* Doc. 33.)

**II.    DISCUSSION**

As noted above, CDCR did not waive service of process on behalf of Defendant Moshe. Rather, CDCR indicated that it was "Unable to identify" Defendant Moshe. And, when the USM undertook service of process efforts, it contacted the litigation coordinator at California State Prison, Corcoran (CSP-COR) who advised the USM that CSP-COR was "'unable to identify a Dr. Moshe.'" (Doc. 33.) The USM's subsequent efforts involved consulting "the [Department of Consumer Affairs] and other open sources," without success. The USM indicated that "[m]ore info is needed to try and identify Dr. Moshe. No reliable results found for a Dr. Moshe." (*Id*.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the USM, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed

2

for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . ..” *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). “So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'” *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the USM was unable to identify and/or locate Defendant Moshe. Plaintiff identified this individual as a physician or “Doctor” employed at CSP-COR during the period giving rise to his claims. (*See* Doc. 27 [first amended complaint].) However, the CDCR advised it was unable to identify a Dr. Moshe employed with CDCR. Further, when the USM undertook efforts to locate and identify Defendant Moshe employing other resources, it was not successful. Hence, the Court finds Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of the summons and operative complaint on Defendant Moshe. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the USM with the necessary information to identify and locate this individual, Defendant Moshe shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

To be clear, it is Plaintiff's obligation to provide the USM with accurate and sufficient information to effect service of process. *Walker*, 14 F.3d at 1421-22; *see, e.g.*, *Lear v. Navarro*, No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) (“as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so”); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to provide the Court with updated contact information for the defendant; because plaintiff had “no

3

other information that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Nelson for service of process"). And it is not the USM's responsibility to identify and locate Defendant Moshe. *See, e.g., Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Moshe should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the USM in identifying and locating Defendant Moshe for service of process. For example, Plaintiff should provide Defendant Moshe's first initial or first name, if available to Plaintiff (Plaintiff should also confirm the spelling of this individual's last name is accurate). Plaintiff may also provide a copy of any document referencing "Moshe" as a physician at CSP-COR during the period when his claims arose.[1] If such a document is not available, Plaintiff should provide a physical description of Defendant Moshe, to include that individual's gender, approximate age, height and weight, and any other helpful and available identifying information. Notably too, if it is possible that Defendant Moshe was not a doctor or physician, as originally indicated, Plaintiff shall advise

---

[1] Plaintiff previously was granted permission to conduct limited discovery to identify the Doe defendants named in his original complaint. Plaintiff thereafter moved for leave to file an amended complaint, noting he wished to identify "the proper parties now known to Plaintiff following the delayed release of medical records." (*See* Doc. 22 at 1.) Plaintiff also stated the information he had recently obtained "revealed the identities of individuals directly involved in the alleged civil rights violations" and that he sought "only to substitute those names for the previously unidentified Doe defendants …." (*Id*. at 2.) Thereafter, Defendant Moshe was identified in Plaintiff's first amended complaint as a physician who provided care on October 7, 2021. (*See* Doc. 27 at 4.) Presumably then, Plaintiff may possess additional information that would assist the USM in serving Defendant Moshe with a summons and complaint.

4

whether Defendant Moshe worked in some other medical capacity at CSP-COR (e.g., nurse practitioner, registered nurse, physical therapist, etc.) based upon the information available to him.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why Defendant Moshe should not be dismissed from this action. Plaintiff may do so by providing additional information concerning the identity and location of Defendant Moshe.

2. **Any failure by Plaintiff to timely respond to this order will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:    **January 21, 2026**                                        _____

                                                                      UNITED STATES MAGISTRATE JUDGE