UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TERRENCE McCOY, et al.,<br><br>Defendants. | Case No.: 1:23-cv-00324-KES-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 35)<br><br>**ORDER DIRECTING DEFENDANTS TO INQUIRE AS TO THE IDENTITY AND LOCATION OF "DR. MOSHE" AS REFERENCED IN PLAINTIFF'S MEDICAL RECORD AND TO FILE A STATUS REPORT**<br><br>**14-Day Deadline** |

Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants McCoy, McDaniel, Russell, Moshe, Crawford, Vasquez, and Fincalero.

## I.     RELEVANT BACKGROUND

The Court issued its Second Screening Order on January 9, 2026. (Doc. 28.) Relevant here, the Court determined Plaintiff sufficiently alleged a deliberate indifference to serious medical needs claim against Defendant Moshe. (*Id*. at 5-13.)

On January 12, 2026, the Court issued its Order Finding Service Appropriate as to Newly Added or Identified Defendants. (Doc. 29.) More specifically, the Court ordered that service be effected on "**Moshe,** allegedly employed as a physician at CSP-COR in 2021 and/or 2022." (*Id*. at 2, emphasis in original.)

On January 15, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed their notice of intent to waive service of process regarding the other individuals that were the subject of the January 12 service order: Terrence McCoy and F. Fincalero (Doc. 31 [sealed]) but indicated it could *not* waive service concerning Defendant Moshe (Doc. 32 [sealed]). Hence, service documents were forwarded to the United States Marshal (USM) concerning Defendant Moshe.

On January 20, 2026, the USM filed its USM-285 form indicating service of Defendant Moshe could not be effected. (*See* Doc. 33.)

On January 21, 2026, the Court issued its Order to Show Cause (OSC) Why Defendant Moshe Should Not Be Dismissed for Plaintiff's Failure to Provide Sufficient Information to Effectuate Service. (Doc. 35.) Plaintiff was ordered to respond to the OSC within 30 days. (*Id*. at 5.)

On February 27, 2026, Plaintiff filed his response to the OSC. (Doc. 38.)

**II.     DISCUSSION**

Plaintiff's response indicates "Dr. Moshe" was identified in his medical records[1] as "the treating physician at the time" Plaintiff received his sleep study and sleep apnea diagnosis. (Doc. 38 at 1-2.) Plaintiff states that although the "prison and Defendants claim they cannot identify anyone named Dr. Moshe who worked for them," he believes the exhibit attached "should be sufficient to refresh their memories." (*Id*. at 2.) Plaintiff requests the Court "issue its order stating" that Plaintiff has "shown cause that Defendant Dr. Moshe should remain a defendant in this case and clarifying what the court would like the Plaintiff to do next." (*Id*.)

A review of the attached exhibit reveals it is a Progress Note dated May 28, 2022, and

---

[1] Plaintiff was provided numerous health records pursuant to a request, including 57 pages of "Orders," 16 pages of "Progress Notes" and 2 pages of "Consultations/Specialty." (*See* Doc. 38 at 5-6.)

prepared by "Psych Tech" Shawn Clower. (Doc. 38 at 3-4.) The note indicates that "Dr. Moshe recommended trial of auto CPAP …" and states: "Findings of sleep study and recommendations from Dr. Moshe discussed in detail with patient." (*Id.* at 3.) It also appears to identify Moshe as a "sleep specialist." (*Id.*)

Considering the foregoing, the Court will discharge the OSC. It further will direct counsel for Defendants to contact the CDCR and/or the Litigation Coordinator at California State Prison, Corcoran, to inquire further as to the identity and location of the "Dr. Moshe" referred to in Plaintiff's medical records. Further, the Court will direct Defendants to file a status report within 14 days addressing their efforts to identify and locate Defendant Moshe and the outcome of those efforts. Upon receipt of the status report, the Court will issue a further order as necessary.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  The OSC issued January 21, 2026 (Doc. 35) is **DISCHARGED**; and

2.  Counsel for Defendants **SHALL** contact the relevant authorities to identify and locate the "Dr. Moshe" referenced in Plaintiff's medical records and **SHALL** file a status report concerning those efforts **within 14 days** of the date of this order.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3