UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAAHDI ABDUL COLEMAN,

              Plaintiff,

    v.

TERRENCE McCOY, et al.,

              Defendants.

Case No.: 1:23-cv-00324-KES-CDB

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

(Doc. 45)

Plaintiff Saahdi Abdul Coleman is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    BACKGROUND**

On March 16, 2026, Defendants[1] Crawford, Fincalero, McCoy, McDaniel, Russell, and Vasquez filed a motion to dismiss. (Doc. 40.)

On April 15, 2026, when more than 21 days passed without Plaintiff filing an opposition or a statement of non-opposition to Defendants' pending motion, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Oppose Defendants' Motion to Dismiss. (Doc. 43.) Plaintiff was directed to respond within 21 days. (*Id.* at 2.)

---

[1] Service efforts are underway concerning Defendant "Dr. Moshe" or Moshe Zutler, M.D.

On April 27, 2026, Plaintiff filed a Motion for Extension of Time, seeking an additional 14 days within which to complete his response to Defendants' motion. (Doc. 45.)

## II.   DISCUSSION

Plaintiff's motion — signed, dated and served on April 14, 2026 — indicates he believes he can complete his response to Defendants' motion "in the next (10) days" and is "waiting on copies of [his] 602's and medical records/mental health to attach in support" of his response. (Doc. 45.) Plaintiff states he is seeking a 14-day extension because he believes "that medical and the counselor should be able to provide the requested documents in that time frame." (*Id*.) He states that his request is not meant to delay or harass or for any other undue purpose. (*Id*.)

Plaintiff's request for an extension of time was prepared and served just one day before the Court issued its OSC on April 15, 2026. And although the request is untimely as any opposition to Defendants' motion to dismiss was due 21 days from March 16 (or by April 6, 2026), the Court will permit Plaintiff this brief extension where it appears he has been working on a response and was waiting for supporting documentation to be provided. However, moving forward, Plaintiff must ensure any request for an extension of time is submitted *before* the relevant deadline. *See* Local Rule 144 (d) ("[c]ounsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor"); *see also* Doc. 4 at 5 ("Absent good cause, all Court deadlines are strictly enforced. Requests for an extension of time must be filed before the deadline expires and must state good reason for the request," citing Local Rule 144).

## III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The OSC issued April 15, 2025, is **DISCHARGED**;

2. Plaintiff's motion for an extension of time (Doc. 45) is **GRANTED**; and

3. Plaintiff SHALL file his opposition to Defendants' motion to dismiss **no later than May 11, 2026**.

**Any failure by Plaintiff to comply with this Order will result in a recommendation**

2

**that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3